1
2
3
4
5
6
7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 MELVIN JOSEPH SIMMONS, | Case No. 1:23-cv-00970-SAB |
| 12 Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING MOTION |
| 13 v. | FOR RELIEF, DENYING MOTIONS FOR JOINDER, AND DISMISSING ACTION |
| 14 U.S. DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al., | FOR FAILURE TO COMPLY WITH COURT ORDER, FAILURE TO |
| 15 Defendants. | PROSECUTE, AND FAILURE TO PAY FILING FEE |
| 16 | |
| 17 | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT |
| 18 | JUDGE |
| 19 | (ECF Nos. 5, 6, 7, 8) |
| 20 | **OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |
| 21 | |

22 **I.**

23 **INTRODUCTION**

24     Melvin Joseph Simmons ("Plaintiff"), currently incarcerated at the California State

25 Prison, Corcoran, and proceeding *pro se*, filed this action on June 28, 2023.  (ECF No. 1.)

26 Plaintiff did not pay the filing fee, and on June 30, 2023, the Court issued an order requiring

27 Plaintiff to pay the filing fee, or file an application to proceed *in forma pauperis*.  (ECF No. 5.)

28 The Court afforded Plaintiff forty-five (45) days to comply, and thus the deadline, adding three

1    days for postal mail, will expire on August 17, 2023.  On July 20, 2023, Plaintiff filed three

2    motions, but did not pay the filing fee or return an application to proceed *in forma pauperis*.

3    Given the tenor of the motions filed, the Court finds it proper to recommend the motions be

4    denied, and recommend this action be dismissed for failure to pay the filing fee, failure to

5    prosecute, and failure to comply with an order of the Court.  However, given the deadline to file

6    the initial application to proceed *in forma pauperis* has not expired, if the Court receives

7    Plaintiff's application or filing fee **before August 17, 2023**, the Court will consider whether it is

8    proper to withdraw the recommendation of dismissal of this action.

9                                                **II.**

10                                        **DISCUSSION**

11          First, Plaintiff filed a motion for relief from the Court's order issued June 30, 2023.

12   (ECF No. 6.)  There appears to be no valid basis for Plaintiff's request to be relieved from the

13   order requiring him to pay the filing fee or application to proceed *in forma pauperis*.  In part,

14   Plaintiff states: "Mistake in law or fact . .. [r]elating to Maritime law; the rules gover[n]ing

15   contracts, torts, and worker-compensation claims or relating to commerce on or over navigable

16   waters . . . [u]nder our savings clause to preserve a vested rights or claim of Shangaiing Sailors

17   conspiracy in connection with the overt acts of piracy." (ECF No. 6 at 2.)

18          Second, Plaintiff filed a motion for joinder, and objections to the Court's order.  (ECF

19   No. 7.)  Plaintiff's filing states in part: "seamen may and can institute and prosecute suits and

20   appeals in their own names and for their own benefit for loss or stolen wages, and salvage of

21   imperiled maritime property . . . [n]aturally usable for travel or commerce in present current

22   condition.  Net Asset Value $100,000,000,000.00[] U.S. Dollars Paid In Old Age Gold Standard

23   Bullions." (ECF No. 7 at 2.)  Third, Plaintiff filed another motion for joinder, stating in part that

24   Plaintiff "and his private ownership correlation . . . Secured Party Catholic Creditor and is the

25   real party in interest, bring this seamen's suit civil rights action by way in motion for the already

26   foresaid joinder of issues." (ECF No. 8 at 2.)  There appears to be no valid basis for Plaintiff's

27   motions for joinder at this stage of the proceeding, and based on Plaintiff's complaint and review

28   of the content of the motions.

1    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

2   Rules or with any order of the Court may be grounds for imposition by the Court of any and all

3   sanctions . . . within the inherent power of the Court."  The Court has the inherent power to

4   control its docket and may, in the exercise of that power, impose sanctions where appropriate,

5   including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir.

6   2000); Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010).

7    A court may dismiss an action based on a party's failure to prosecute an action, failure to

8   obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52,

9   53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d

10   1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended

11   complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to

12   comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.

13   United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply

14   with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack

15   of prosecution and failure to comply with local rules).

16    In determining whether to dismiss an action for failure to comply with a pretrial order,

17   the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the

18   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

19   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

20   sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226

21   (9th Cir. 2006); Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir.

22   1986).  These factors guide a court in deciding what to do, and are not conditions that must be

23   met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability

24   Litigation, 460 F.3d at 1226.

25    In this instance the public's interest in expeditious resolution of the litigation and the

26   Court's need to manage its docket weigh in favor of dismissal.  Id.  Plaintiff has not filed an

27   application to proceed in forma pauperis, nor paid the filing fee.  Instead, Plaintiff filed a motion

28   to be relieved of the requirement to comply with the order.  The Court finds no basis to grant

1   Plaintiff's request to be relieved from the requirement to comply with the order to submit an

2   application to proceed *in forma pauperis*, or to pay the filing fee.  Although the deadline to file a

3   response to the Court's order has not expired, the Court construes the filing of the motion as an

4   indication that Plaintiff does not intend to comply with the order, and instead has requested relief

5   from such order.  Given the Court finds no valid basis for relief from the order, the Court finds

6   Plaintiff's failure to comply hinders the Court's ability to move this action towards disposition,

7   and indicates that Plaintiff does not intend to comply with the Court's orders in good faith.

8        Since it appears that Plaintiff does not intend to litigate this action diligently and in good

9   faith, there arises a rebuttable presumption of prejudice to the defendants in this action.  In re

10  Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  The risk of prejudice to the defendants also

11  weighs in favor of dismissal.

12       The public policy in favor of deciding cases on their merits is outweighed by the factors

13  in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can

14  proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the

15  action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the

16  fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

17       Finally, a court's warning to a party that their failure to obey the court's order will result

18  in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik, 963 F.2d at 1262;

19  Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The Court's June 30, 2023, order

20  expressly stated: "Failure to comply with this order will result in dismissal of this action."  (ECF

21  No. 5 at 2.)  Thus, Plaintiff had adequate warning that dismissal of this action would result from

22  noncompliance with the Court's order.  **Further, Plaintiff may still file an application to**

23  **proceed *in forma pauperis* or pay the filing fee before the initial deadline to do so, and**

24  **within the objection period, and the Court will consider the application, and withdraw the**

25  **recommendation to dismiss this action if the filing fee is paid.  However, such filing or**

26  **payment will not impact the Court's recommendation to deny Plaintiff's motions for relief**

27  **and joinder.**

28  / / /

4

### III.

### RECOMMENDATION AND ORDER

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's motion for relief (ECF No. 6) be DENIED;

2.    Plaintiff's motion for joinder (ECF No. 7) be DENIED;

3.    Plaintiff's motion for joinder (ECF No. 8) be DENIED; and

4.    This action be DISMISSED for Plaintiff's failure to pay the filing fee or file an application to proceed *in forma pauperis*, failure to abide by the Court's order, and failure to prosecute, **unless an application to proceed *in forma pauperis* is received, or Plaintiff pays the filing fee, on or before August 17, 2023**.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within twenty-one (21) days of service of this recommendation,** Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:   **July 24, 2023**

_____
UNITED STATES MAGISTRATE JUDGE