# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JOSEPH SIMMONS,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF HEALTH, EDUCATION AND WELFARE, et al.,<br><br>   Defendants. | Case No. 1:23-cv-00970-JLT-SAB<br><br>ORDER WITHDRAWING PREVIOUS FINDINGS AND RECOMMENDATIONS REGARDING IFP APPLICATION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING MOTION FOR RELIEF, DENYING MOTIONS FOR JOINDER, AND DISMISSING ACTION FOR BEING FRIVOLOUS AND FOR FAILING TO STATE A COGNIZABLE CLAIM<br><br>(ECF Nos. 1, 6, 7, 8, 10, 13)<br><br>**OBJECTIONS DUE WITHIN 14 DAYS** |

**I.**

**INTRODUCTION**

Melvin Joseph Simmons ("Plaintiff"), currently incarcerated at the Salinas Valley State Prison, and proceeding *pro se*, filed this action on June 28, 2023. (ECF No. 1.) Plaintiff did not pay the filing fee, and on June 30, 2023, the Court issued an order requiring Plaintiff to pay the filing fee, or file an application to proceed *in forma pauperis*. (ECF No. 5.) The Court afforded Plaintiff forty-five (45) days to comply. On July 20, 2023, Plaintiff filed three motions, but did not pay the filing fee or return an application to proceed *in forma pauperis*. On July 25, 2023,

1  prior to the deadline to submit an application to proceed *in forma pauperis*, given the tenor of the
2  motions filed, the Court issued a recommendation that the motions be denied, and that this action
3  be dismissed for failure to pay the filing fee, failure to prosecute, and failure to comply with an
4  order of the Court.  (ECF No. 10.)  Given the deadline to file the initial application to proceed *in*
5  *forma pauperis* had not expired, the Court noted that if it received Plaintiff's application or filing
6  fee before August 17, 2023, the Court would consider whether it is proper to withdraw the
7  recommendation of dismissal of this action.

8  On July 28, 2023, the Plaintiff paid the filing fee in this action.  On August 14, 2023,
9  Plaintiff filed what is entitled, in part, Plaintiff's civil rights action for statutory damages against
10 United States employees.  (ECF No. 13.)

11 As Plaintiff has paid the filing fee, the Court shall withdraw the pending findings and
12 recommendations.  For the reasons explained below, the Court recommends this action be
13 dismissed for being frivolous, and recommends Plaintiff's motions be denied.

## II.

### SCREENING REQUIREMENT

16 The Court is required to screen complaints brought by prisoners seeking relief against a
17 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
18 The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
19 legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or
20 that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §
21 1915(e)(2)(B).

22 A complaint must contain "a short and plain statement of the claim showing that the
23 pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
24 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
25 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
26 Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate
27 that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.
28 Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.

## DISCUSSION

Although Plaintiff paid the filing fee, the Court is still required to screen the complaint. See, e.g., Stith v. California, No. 123CV00947ADAGSAPC, 2023 WL 4274043, at *1 (E.D. Cal. June 29, 2023) ("Screening of a prisoner's complaint will occur whether the filing fee has been paid or the prisoner plaintiff is proceeding *in forma pauperis*." (citations omitted)); Pruitt v. Bobbala, No. 220CV0632KJMACP, 2023 WL 2277540, at *1 (E.D. Cal. Feb. 28, 2023) (same), report and recommendation adopted, No. 220CV0632KJMACP, 2023 WL 2918299 (E.D. Cal. Apr. 12, 2023).

The Court accepts Plaintiff's allegations as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

**A.    The Initially Filed Complaint**

Plaintiff's initially filed complaint U.S. Department of Health, Education and Welfare; Social Security Administration Commissioner; Kilolo Kijakazi. (ECF No. 1 at 2.)

Plaintiff states in part, that Defendants are required by law to prevent or deter fraud and misuse of his name Melvin Joseph Simmons, "individual entity, including the distinctive name Melvin Joseph Simmons, family forename and Social Security Number of the permitted entity

MERCHANTMAN MELVIN JOSEPH SIMMONS, including the month, day and year of this permitted entity MERCHANTMAN JOSEPH SIMMONS: 2) A fiduciary duty of trust relied upon and owed to each of the plaintiff Merchantman MELVIN JOSEPH SIMMONS and the Plaintiff proprietorship Melvin Joseph Simmons; 3) To act primarily for the benefit of the plaintiffs Merchantman MELVIN JOSEPH SIMMONS, and Plaintiff Proprietor Melvin Joseph Simmons in all matters connected with the undertaking of his or her employment . . . in respect to which there is a reasonable apprehension that if left outstanding it may cause perpetual disability to Plaintiff Secured Party Catholic Creditor Melvin Joseph Simmons's MERCHANTMAN plaintiff MELVIN JOSEPH SIMMONS the person against whom the said charging instruments are void." (ECF No. 1 at 3-4.)  Among other allegations, Plaintiff alleges that Plaintiff "is a signatory heir to the original Social Compact of 1774-1776, United States of America Declaration of Independence . . . [and] [p]erfect title unity Charter Merchantman . . . collective capital assets, and vested taxable estate 100 shares which the plaintiff's preferred rate adjustable stock unit normally traded unity of interest." (ECF No. 1 at 5.)

Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss a complaint or portion of the complaint against a governmental entity or officer or employee of a governmental entity that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  A pleading is "factual[ly] frivolous[ ]" when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 25-26 (1992).  Section 1915 gives courts "the unusual power to pierce the veil" of a complaint such as that filed by the Plaintiff and to "dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Clearly baseless factual allegations include those "that are 'fanciful,' 'fantastic,' and 'delusional.' " Denton, 504 U.S. at 32-33 (quoting Neitzke, 490 U.S. at 325, 327, 328).  Here, the Court finds that Plaintiff has alleged claims that are frivolous, and therefore, must be dismissed.  To the extent it is not frivolous, Plaintiff has failed to state a cognizable claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely

given when justice so requires. Fed. R. Civ. P. 15(a)(2). In this instance, the Court finds no amendment could cure the deficiencies contained in the complaint. Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004; Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). Accordingly, the Court finds that granting leave to amend would be futile and this action should be dismissed without leave to amend.

### B.   Plaintiff's Motions

First, Plaintiff filed a motion for relief from the Court's order issued June 30, 2023. (ECF No. 6.) There appears to be no valid basis for Plaintiff's request to be relieved from the order requiring him to pay the filing fee or application to proceed *in forma pauperis*. In part, Plaintiff states: "Mistake in law or fact . .. [r]elating to Maritime law; the rules gover[n]ing contracts, torts, and worker-compensation claims or relating to commerce on or over navigable waters . . . [u]nder our savings clause to preserve a vested rights or claim of Shangaiing Sailors conspiracy in connection with the overt acts of piracy." (ECF No. 6 at 2.) Further, Plaintiff has now paid the filing fee and thus is no longer required to submit an application to proceed *in forma pauperis*.

Second, Plaintiff filed a motion for joinder, and objections to the Court's order. (ECF No. 7.) Plaintiff's filing states in part: "seamen may and can institute and prosecute suits and appeals in their own names and for their own benefit for loss or stolen wages, and salvage of imperiled maritime property . . . [n]aturally usable for travel or commerce in present current condition. Net Asset Value $100,000,000,000.00[] U.S. Dollars Paid In Old Age Gold Standard Bullions." (ECF No. 7 at 2.) Third, Plaintiff filed another motion for joinder, stating in part that Plaintiff "and his private ownership correlation . . . Secured Party Catholic Creditor and is the real party in interest, bring this seamen's suit civil rights action by way in motion for the already foresaid joinder of issues." (ECF No. 8 at 2.) There appears to be no valid basis for Plaintiff's motions for joinder at this stage of the proceeding, and based on Plaintiff's complaint and review of the content of the motions.

The Court shall again recommend these motions be denied.

///

     **C.**     **Plaintiff's Notice of Civil Rights Action**

This filing could be Plaintiff's attempt to file an additional claim in this action against the Magistrate Judge assigned to this action. The caption of this filing in part reads, with capitalization altered, "Notice: [] Civil Rights Action for Statutory Damages Against the United States Employees: United States Commissioners' Magistrate Judge Stanley A. Boone: Failure to Perform Legal and Implied Fiduciary Duty in Due Diligence Salvor: Safe Conduct: National Strategy Established to Combat Human Trafficking." (ECF No. 13 at 1.) In part, Plaintiff states: Secured Party Catholic Creditor . . . move[s] this Court . . . SOCIAL SECURITY CARD enclosure plant patent secured and protected vested rights . . . right to remain free at liberty to exercise or enjoyment in his freedom from slavery, peonage, forced labor and involuntary servitude to pay or liquidate the debts of the United States of America, or to pay or liquidate the debts of the U.S.A., Incorporated State California's quasi-corporation Los Angeles County, or Municipal Corporation City of Torrance against plaintiffs' own free will." (ECF No. 13 at 1-2.)

The Court does not find any of the contents in this filing change the Court's analysis as to the complaint or motions. Therefore, Plaintiff's filing does not effect the Court's recommendation herein.

**IV.**

**ORDER AND RECOMMENDATION**

As Plaintiff has now paid the filing fee in this action, IT IS HEREBY ORDERED that the findings and recommendations issued on July 25, 2023, (ECF No. 10), are WITHDRAWN.

Plaintiff's complaint contains factual allegations that are frivolous, and the Court finds the claims alleged in the complaint are incapable of being cured by amendment so granting leave to amend would be futile. Ebner v. Fresh, Inc., 838 F.3d 958, 968 (9th Cir. 2016). The Court further finds that Plaintiff's motion for relief, and motions for joinder, have no proper basis in fact or law, and should be denied. Finally, Plaintiff's notice filed on August 14, 2023, does not change the Court's analysis concerning the frivolous nature of the complaint, nor the findings concerning the motions.

/ / /

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed without leave to amend pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous, and for failing to state a cognizable claim;

2. Plaintiff's motion for relief (ECF No. 6) be DENIED;

3. Plaintiff's motion for joinder (ECF No. 7) be DENIED;

4. Plaintiff's motion for joinder (ECF No. 8) be DENIED; and

5. This action be DISMISSED and CLOSED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within fourteen (14) days of service of this recommendation,** Plaintiff may file written objections to this findings and recommendations with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 18, 2023**

UNITED STATES MAGISTRATE JUDGE